20194jval.epcf

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                          19 CR 168(NSR)

5                                         PLEA

6   RICHARD M. VALENTINE, JR.,

7            Defendant.

8   ------------------------------x

9
                                 United States Courthouse
10                               White Plains, New York
                                 April 19, 2019
11

12

13

14  Before:  THE HONORABLE LISA MARGARET SMITH, Magistrate Judge

15

16

17                          APPEARANCES

18
    GEOFFREY S. BERMAN
19       United States Attorney for the
         Southern District of New York
20  ANDREW J. DeFILIPPIS
         Assistant United States Attorney
21

22
    CHRISTOPHER XAVIER MAHER
23       Attorney for Defendant

24

25  *Proceedings recorded via digital recording device.

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

1          THE DEPUTY CLERK:  In the matter of the United States

2    of America v. Richard Valentine.

3          Counsel, please note your appearance for the record.

4          MR. DeFILIPPIS:  Good afternoon, your Honor.  Andrew

5    DeFilippis for the government.  With me at counsel table is

6    Special Agent Keeley McCarthy of the FBI and Alesandra Dinardo,

7    an intern with the FBI.

8          THE COURT:  Good afternoon.

9          MR. MAHER:  Good afternoon, your Honor.  Christopher

10   Maher, M-A-H-E-R, 593 Route 6, Mahopac, New York, for defendant

11   Richard Valentine, Jr., who is present to my right.

12         THE COURT:  Good afternoon.

13         Do I understand correctly, Mr. Maher, that your

14   client wishes to consent to the filing of an information?

15         MR. MAHER:  That's correct, Judge.

16         THE COURT:  And enter a plea to that information, I

17   take it?

18         Well, has he already been arraigned on the

19   information?

20         MR. MAHER:  Yes, Judge.

21         THE COURT:  All right.

22         Mr. Valentine, I want to advise you that this is not

23   a trial.  It is my understanding that you have decided to enter

24   a plea of guilty in this case.  This proceeding is for the

25   purpose of ensuring that you are aware of your rights in

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

20194jvalepcf

1    connection with that plea and that any waiver of those rights

2    is knowing and voluntary prior to entering your plea of guilty,

3    if you still decide to do that.

4         During this proceeding, I will also ask you some

5    questions to make sure that you are competent to plead guilty,

6    and, by that, I mean that I need to determine whether you are

7    able to understand what is going on here today and that you are

8    not under the influence of any physical or mental or emotional

9    condition or affected by any controlled substance which may

10   impact upon your ability to understand what is going on.  Do

11   you understand that?

12        THE DEFENDANT:  Yes, your Honor.

13        THE COURT:  Mr. Valentine, if at any time you do not

14   hear or understand what I say to you, I want you to interrupt

15   me so that I can repeat and explain what I've said and so that

16   you can have an opportunity to consult with Mr. Maher to make

17   sure that you have heard and understood everything I've said

18   and everything I've asked you.  Do you understand that?

19        THE DEFENDANT:  Yes, I do, your Honor.

20        THE COURT:  And will you do that?

21        THE DEFENDANT:  Yes, your Honor.

22        THE COURT:  You have an absolute right to be

23   represented by counsel at this and at every stage of the

24   proceedings against you, and you have the right to consult with

25   your attorney prior to answering any questions.  Do you

1    understand that?

2                THE DEFENDANT:  Yes, I do, your Honor.

3                THE COURT:  For that reason, you should consult with

4    Mr. Maher before answering any further questions, including

5    questions that I'm going to ask you during this proceeding.  Do

6    you understand that?

7                THE DEFENDANT:  Yes, your Honor.

8                THE COURT:  Mr. Maher, are you retained or appointed

9    in the matter?

10               MR. MAHER:  Retained, your Honor.

11               THE COURT:  Mr. Valentine, if you were to become

12   unable to afford your attorney's services, you would be

13   entitled to apply to the Court for a new attorney to represent

14   you and if the Court was then satisfied that you could not

15   afford to hire a lawyer and that there was an appropriate

16   reason to relieve your current lawyer, a new lawyer would be

17   appointed to represent you with no cost to you.  Do you

18   understand that?

19               THE DEFENDANT:  Yes, I do.  Thank you, your Honor.

20               THE COURT:  Ms. Embola, would you place the defendant

21   under oath or affirmation, please.

22               (Defendant Richard M. Valentine, Jr. sworn)

23               THE COURT:  It is important for you to understand

24   that if you knowingly make a false statement during these

25   proceedings, you could be subject to prosecution for the crime

1   of perjury or for making a false statement to the Court, and

2   you could face a punishment of up to five years in prison and a

3   $250,000 fine for committing such a crime.  Such punishment

4   would be separate and apart from any sentence you may be facing

5   on the crime charged in the felony information.  In addition,

6   any statement that you make during this proceeding may be used

7   against you for purposes of such a prosecution.  Do you

8   understand that?

9           THE DEFENDANT:  Yes, I understand, your Honor.

10          THE COURT:  What's your full name, sir?

11          THE DEFENDANT:  Richard Michael Valentine, Jr.

12          THE COURT:  How old are you?

13          THE DEFENDANT:  I'm 24 years old.

14          THE COURT:  Do you read, write, speak and understand

15   the English language?

16          THE DEFENDANT:  Yes, I do, your Honor.

17          THE COURT:  How far did you go in school?

18          THE DEFENDANT:  About two years of college.

19          THE COURT:  Have you been treated within the last

20   three months for any mental illness or for addiction to drugs

21   or to alcohol?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  What kind of treatment?

24          THE DEFENDANT:  Psychiatric treatment.

25          THE COURT:  Do you take any medication in connection

20194jvalepcf

```
1    with that treatment?

2              THE DEFENDANT:  Yes, I do, your Honor.

3              THE COURT:  What kind of medication?

4              THE DEFENDANT:  I take Abilify Maintena, 400

5    milligrams injection once a month.

6              THE COURT:  Does the medication affect your ability

7    to think or to understand what's happening around you?

8              THE DEFENDANT:  Yes, but not in this case.

9              THE COURT:  Have you been able to understand what

10   I've said to you so far?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Are you feeling sufficiently clear in

13   your mind to go forward with this proceeding?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Do you understand that it's very

16   important that you understand everything I say and everything

17   I've asked you so that you can answer my questions fully and

18   clearly?  Do you understand that?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Mr. Maher, have you had any difficulty

21   communicating with your client today?

22             MR. MAHER:  No, Judge.

23             THE COURT:  Have you, either today or at any other

24   time in your life, taken or used any drugs, marijuana, alcohol,

25   medication or any other substance which currently affects your
```

 1   ability to think or to understand these proceedings that are

 2   going on here today?

 3                THE DEFENDANT:  No, your Honor.

 4                THE COURT:  Mr. Maher, have you discussed this matter

 5   fully with Mr. Valentine?

 6                MR. MAHER:  I have, your Honor.

 7                THE COURT:  Are you satisfied that he is fully

 8   capable of understanding and participating in this proceeding?

 9                MR. MAHER:  Yes, I am, your Honor.

10                THE COURT:  Mr. DeFilippis, do you have any doubt

11   that the defendant is competent to participate in this

12   proceeding?

13                MR. DeFILIPPIS:  No, your Honor.

14                THE COURT:  I'm satisfied, on the basis of these

15   representations and my observations of the defendant, that

16   Richard M. Valentine, Jr. is fully competent to understand and

17   participate in this proceeding.

18                I have before me a copy of a plea agreement dated

19   March 25th, 2019.

20                Mr. Maher, is it your client's wish to proceed with a

21   plea allocution before me?

22                MR. MAHER:  Yes, your Honor.

23                THE COURT:  Mr. Valentine, this proceeding is

24   referred to as a plea allocution.  I want you to understand

25   that you have the absolute right to have this plea allocution

20194jvalepcf

1   conducted before a United States District Judge.  It is the

2   District Judge -- in this case, Judge Román -- who will impose

3   sentence in your case.

4           If you consent and if you agree, then I will conduct

5   the plea allocution and I will then make a report to Judge

6   Román in which I will recommend whether or not he should accept

7   your plea of guilty.  I will make that recommendation based on

8   the information that is brought out during today's proceedings.

9           It is important for you to understand that the Court

10  will not accept your plea unless the Court is satisfied that

11  you fully understand all of your rights and that you are, in

12  fact, guilty.  Do you understand that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Do you understand that you have an

15  absolute right to have this plea allocution conducted before a

16  United States District Judge?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Do you agree and is it your wish that I

19  should conduct the plea allocution?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Ms. Embola, would you have the defendant

22  identify his signature on the consent form, please.

23          THE DEPUTY CLERK:  Mr. Valentine, I am showing you

24  this consent form.  Is this your signature affixed to the

25  document?

1          THE DEFENDANT:  Yes, it is.

2          THE DEPUTY CLERK:  Have you read this document and

3    discussed it with your attorney?

4          THE DEFENDANT:  Yes, I have.

5          THE COURT:  Did anyone threaten you or coerce you or

6    promise you anything in order to get you to sign this consent

7    form?

8          THE DEFENDANT:  No; they did not, your Honor.

9          THE COURT:  Did you sign the form freely and

10   voluntarily?

11         THE DEFENDANT:  Yes, I did, your Honor.

12         THE COURT:  Mr. Maher, do you know of any reason why

13   the Consent to Proceed with a Felony Plea Allocution Before a

14   United States Magistrate Judge should not be accepted?

15         MR. MAHER:  None whatsoever, your Honor.

16         THE COURT:  I find that Richard Valentine is fully

17   competent and capable of waiving his right to appear before a

18   United States District Judge in order to enter his plea of

19   guilty.  I, therefore, accept the consent form, which I have

20   signed and which will remain a part of the Court's record as

21   Court Exhibit 1 for today's date.

22         Mr. Valentine, do you understand that your right to

23   be represented by an attorney continues through every stage of

24   the proceedings, including trial and appeal, and that you have

25   this right whether or not you choose to plead guilty to this

20194jvalepcf

```
 1    offense?  Do you understand that?

 2                THE DEFENDANT:  Yes, I understand, your Honor.

 3                THE COURT:  Have you had sufficient opportunity to

 4    consult with your attorney and especially to consult about your

 5    decision to plead guilty?

 6                THE DEFENDANT:  Yes, I have, your Honor.

 7                THE COURT:  Are you satisfied with the services which

 8    Mr. Maher has provided to you?

 9                THE DEFENDANT:  Yes, I am, very much, your Honor.

10                THE COURT:  Have you told him everything you know

11    about the case?

12                THE DEFENDANT:  Yes, I have, your Honor.

13                THE COURT:  I have before me a plea agreement dated

14    March 25th, 2019.  The original plea agreement is to be marked

15    as Government Exhibit 1 and will remain in the custody of

16    government's counsel.

17                Ms. Embola, would you have the defendant identify his

18    signature on the last page of the plea agreement, please.

19                MR. MAHER:  Judge, I'll offer up my copy of the plea

20    agreement and represent to the Court that my client -- and I'm

21    pointing to his signature on the final page of the plea

22    agreement.  He entered that in my presence, your Honor, after

23    review of the document.  And, for the record, it's been

24    reviewed by my client and I prior to today.

25                THE COURT:  All right.
```

20194jvalepcf

| | |
|---|---|
| 1 | THE DEPUTY CLERK:  Mr. Valentine, I show you this |
| 2 | plea agreement.  Is this your signature affixed to the plea |
| 3 | agreement? |
| 4 | THE DEFENDANT:  Yes, it is. |
| 5 | THE DEPUTY CLERK:  Have you read this document and |
| 6 | discussed it with your attorney? |
| 7 | THE DEFENDANT:  Yes, I have. |
| 8 | THE COURT:  Mr. Valentine, are you satisfied that you |
| 9 | understand the entire plea agreement which Mr. Maher has |
| 10 | reviewed with you? |
| 11 | THE DEFENDANT:  Yes, your Honor. |
| 12 | THE COURT:  Do you have any questions either for |
| 13 | Mr. Maher or for me about what this plea agreement says? |
| 14 | THE DEFENDANT:  No, your Honor. |
| 15 | THE COURT:  Does the plea agreement contain the |
| 16 | complete understanding between you and the government in |
| 17 | connection with this case? |
| 18 | THE DEFENDANT:  Sorry? |
| 19 | MR. MAHER:  Judge, if I could just -- |
| 20 | THE COURT:  Sure.  Take your time. |
| 21 | (Counsel conferred with the defendant) |
| 22 | THE DEFENDANT:  Yes, yes, your Honor, I understand. |
| 23 | THE COURT:  Do you understand that anything which is |
| 24 | not set forth in the written plea agreement or which is not |
| 25 | told to me at this time, on the record, will not be binding on |

20194jvalepcf

1    the outcome of your case?  Do you understand that?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Mr. DeFilippis, is there anything beyond

4    the written plea agreement that the Court should be aware of?

5              MR. DeFILIPPIS:  No, your Honor.

6              THE COURT:  Mr. Maher, is there any other agreement

7    or understanding that the Court should know about?

8              MR. MAHER:  Not with respects to the plea, Judge.

9              THE COURT:  Mr. Valentine, did you sign the plea

10   agreement freely and voluntarily?

11             THE DEFENDANT:  Yes, I did, your Honor.

12             THE COURT:  Did anyone force you or coerce you or

13   threaten you or promise you anything, other than what is set

14   forth in the written plea agreement, in order to get you to

15   sign the plea agreement?

16             THE DEFENDANT:  No; they did not, your Honor.

17             THE COURT:  Mr. Valentine, if you were convicted of

18   the charge set forth in this felony information, either after

19   trial or by plea of guilty, you would be subject to a maximum

20   term of imprisonment of five years, a maximum term of

21   supervised release of up to three years, a maximum fine of

22   $250,000, and a $100 mandatory special assessment.

23             If you're sentenced to a term of imprisonment, even

24   if you are sentenced to the maximum term of imprisonment, and

25   if you are also sentenced to a term of supervised release, if

20194jvalepcf

1   you then violate the conditions of supervised release, you

2   could be sentenced to an additional term of imprisonment of up

3   to two years for violating the conditions of your supervised

4   release.  In addition, if you violate the conditions of

5   supervised release, you would not receive credit for any time

6   already served in prison or for time served on supervised

7   release.

8            You are also subject to the possibility of an order

9   of forfeiture or restitution, and the Court is authorized to

10  order either forfeiture or restitution or both as a part of

11  your sentence.

12           Do you understand that?

13           MR. MAHER:  Judge, if I could have a second.

14           THE COURT:  Take your time.

15           (Counsel conferred with the defendant)

16           THE DEFENDANT:  Yes, your Honor; I understand this.

17           THE COURT:  Mr. DeFilippis, is there any maximum

18  amount of the possible forfeiture and/or restitution in this

19  matter?

20           MR. DeFILIPPIS:  Your Honor, we don't anticipate

21  seeking forfeiture or restitution in this matter.

22           THE COURT:  Thank you.

23           Mr. Valentine, do you understand that these are the

24  possible sentences that could be imposed following your plea of

25  guilty in this matter?

1      THE DEFENDANT:  Yes, your Honor, I understand.

2      THE COURT:  I am required by law to advise you that

3  if you are not a United States citizen, a finding that you are

4  guilty of a felony offense may have a negative impact on your

5  immigration status and upon any application you may have made

6  in the past or which you may make in the future for permission

7  to remain in the United States or to become a United States

8  citizen.  You may also be subject to an order of deportation as

9  a result of this guilty plea if you are not a United States

10  citizen and, under certain circumstances, deportation may be

11  mandatory.  Additionally, if you are deported, you may be

12  prohibited from re-entering the United States permanently

13  unless you are able to get permission to re-enter from the

14  Attorney General of the United States or from the Secretary of

15  Homeland Security.  Do you understand that?

16      THE DEFENDANT:  Yes, I understand, your Honor.

17      THE COURT:  Do you also understand that you are

18  pleading guilty to a felony offense and that such an

19  adjudication may deprive you of certain valuable civil rights,

20  which may include the right to vote; the right to hold public

21  office; the right to serve on a jury; the right to possess any

22  type of firearm, including rifles and shotguns; the right to be

23  considered for certain types of employment or to be bonded or

24  to serve in the United States Military; and the right to

25  possess or obtain certain government-issued licenses, including

20194jvalepcf

```
 1    licenses that may be required in certain professions and

 2    occupations?  Do you understand that?

 3              THE DEFENDANT:  Yes, your Honor.

 4              THE COURT:  Do you understand that these are the

 5    possible legal consequences of entering a guilty plea in this

 6    case?

 7              THE DEFENDANT:  Yes, I understand, your Honor.

 8              THE COURT:  Do you understand that the United States

 9    Sentencing Commission has issued guidelines for judges to

10    follow in determining the appropriate sentence in a criminal

11    case?  Do you understand that?

12              THE DEFENDANT:  Yes, your Honor.

13              THE COURT:  Do you also understand that these

14    guidelines are not mandatory, but they must be considered by

15    the Court along with other factors which are listed at Title

16    18, United States Code, Section 3553, and all of these things

17    must be considered when the Judge determines the appropriate

18    sentence to impose, including possible departures from the

19    guidelines, both upward departures and downward departures?  Do

20    you understand that?

21              THE DEFENDANT:  Yes, I understand, your Honor.

22              THE COURT:  Have you and Mr. Maher talked about how

23    the sentencing guidelines would be calculated in your case?

24              (Counsel conferred with the defendant)

25              THE DEFENDANT:  Yes, we have, your Honor.
```

```
 1            THE COURT:  The plea agreement in this case sets
 2   forth a stipulated sentencing range of 10 to 16 months and a
 3   stipulated fine range of $5,500 to $55,000.  Do you understand
 4   that these ranges represent an understanding between you and
 5   your attorney and the attorney for the government and that this
 6   is not binding on the District Judge when he imposes sentence?
 7   Do you understand that?
 8            THE DEFENDANT:  Yes, I do, your Honor.
 9            THE COURT:  Do you understand that the District Judge
10   will consider the guidelines, but, in this case, he will impose
11   a sentence in accordance with the statute, which means that the
12   prison term will be not more than five years?  Do you
13   understand that?
14            THE DEFENDANT:  Yes, I understand, your Honor.
15            THE COURT:  Do you understand that the Court will not
16   be able to determine the appropriate sentence in your case
17   until after a presentence report has been prepared and until
18   you and your attorney as well as the government have had an
19   opportunity to challenge the facts that are reported in the
20   presentence report as well as the calculation of the sentencing
21   guideline range and any sentencing recommendation in that
22   report?  Do you understand that?
23            THE DEFENDANT:  Yes, your Honor.
24            THE COURT:  Do you also understand that if there are
25   any objections to the presentence report, that those objections
```

1    will be ruled on by the Court and, if necessary, a hearing will

2    be held to determine what information is relevant to the

3    Court's determination of the sentence?  Do you understand that?

4              THE DEFENDANT:  Yes, I understand, your Honor.

5              THE COURT:  You have also agreed in your plea

6    agreement not to file an appeal or any collateral challenge to

7    any sentence that is within or below the stipulated guidelines

8    range of 10 to 16 months in prison and that the government will

9    not appeal any sentence that is within or above the stipulated

10   guidelines range.  You have further agreed not to appeal any

11   term of supervised release that is less than or equal to the

12   statutory maximum of three years.  You have agreed not to

13   appeal any fine that is less than or equal to $55,000, and the

14   government has agreed not to appeal any fine that is greater

15   than or equal to $5,500.  Do you understand that?

16             THE DEFENDANT:  Yes, I understand, your Honor.

17             THE COURT:  Do you understand that one effect of the

18   plea agreement that you have entered into is that you are

19   giving up other rights that you might have had to appeal or

20   otherwise attack the sentence imposed by the Court except that

21   you retain certain rights to assert a claim of ineffective

22   assistance of counsel, although you would waive certain rights,

23   such as any claim of ineffective assistance of counsel relating

24   to counsel's effectiveness during the sentencing proceeding?

25   Do you understand that?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you also understand that if you

3     disagree with the Court's sentencing decision, that will not

4     give you a basis for withdrawing your plea of guilty?  Do you

5     understand that?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you understand that parole has been

8     abolished and if you are sentenced to a prison term, you will

9     not be eligible for early release on parole?  Do you understand

10    that?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Even though you would not be eligible for

13    parole, you may, if you are sentenced to a term of

14    imprisonment, be eligible to earn credit for good behavior, but

15    even if you were to succeed in earning credit for good

16    behavior, you would be required to serve at least 85 percent of

17    any prison term before you may be eligible for release.  Do you

18    understand that?

19         THE DEFENDANT:  Yes, I understand, your Honor.

20         THE COURT:  Do you understand, Mr. Valentine, that

21    you do not have to plead guilty and you have an absolute right

22    to plead not guilty and to have the matter go to trial by judge

23    or by jury?  Do you understand that?

24         THE DEFENDANT:  Yes, I understand, your Honor.

25         THE COURT:  Do you understand that if you choose to

plead not guilty, you are entitled to have a speedy and public

trial of your case?  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that, at any trial of

this matter, you would be entitled to the presumption of

innocence and that the presumption would remain with you until

the government proves each and every element of the crime

charged against you beyond a reasonable doubt to the

satisfaction of the judge if it is a judge trial or to the

unanimous satisfaction of the jury if it is a jury trial?  Do

you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At such a trial, you would have the

right, with the assistance of your attorney, to confront and

cross-examine the witnesses against you.  You would have the

right to call witnesses to testify for you and to have

subpoenas issued to compel witnesses to give testimony and to

produce evidence.  You would also have the right to testify at

your own trial, but you could not be forced to testify.  If you

decided not to testify, your decision to remain silent could

not be held against you in any way.  At your trial, you would

also have the right I have spoken of to the assistance of an

attorney and to have an attorney appointed to represent you

without fee if you could not afford counsel.  Additionally, if

you were convicted of any charge at a trial, you would have the

1       right to appeal from the verdict without limitation.

2               Do you understand that if you plead guilty to the

3       charge set forth in Count One of the pending felony

4       information, that you would --

5               MR. MAHER:  I'm sorry, Judge.  I'm going to wait

6       until the Court finishes.  I apologize, your Honor.

7               THE COURT:  That's all right.  I apologize.  It's my

8       mistake.

9               MR. MAHER:  Thank you.

10              THE COURT:  Do you understand, Mr. Valentine, that if

11      you plead guilty to the charge in Count Two of this felony

12      information, as identified in the plea agreement, that you

13      would give up your right to a trial and, except for the right

14      to counsel, which you retain, you would give up all the other

15      rights which I have explained to you here?  Do you understand

16      that?

17              THE DEFENDANT:  Yes, your Honor.

18              THE COURT:  Mr. Valentine, have you clearly heard and

19      understood everything I've said to you?

20              THE DEFENDANT:  I have, your Honor.

21              THE COURT:  Have you understood each of the rights

22      that I have asked you about?

23              THE DEFENDANT:  Yes, your Honor.

24              THE COURT:  Do you have any questions either for me

25      or for Mr. Maher about anything I've said or about anything

```
1    I've asked you?

2                    THE DEFENDANT:  No, your Honor.

3                    THE COURT:  You may be seated.

4              Mr. DeFilippis, what are the elements of the offense

5    to which the defendant is offering a guilty plea and what would

6    the government be prepared to prove at trial in order to

7    establish those elements?

8                    MR. DeFILIPPIS:  Your Honor, if I may, just one more

9    provision of the plea agreement I wanted to highlight, because

10   it's a less common provision of our agreements.

11             On page 2, the second paragraph from the bottom, the

12   government has agreed that, unless new information material to

13   the government's position comes to the attention of the

14   government prior to sentencing, the government will take the

15   position at sentencing that a sentence of supervised release

16   that does not include a further term of incarceration is

17   appropriate in this case.

18             I just wanted to highlight that because it's not, as

19   I said, a common --

20                   THE COURT:  Can I just ask a question?

21                   MR. DeFILIPPIS:  Yes.

22                   THE COURT:  Do I take it that Mr. Valentine has spent

23   some time?

24                   MR. DeFILIPPIS:  It was just the day he was arrested,

25   your Honor.  He didn't even spend overnight.  But it's worded
```

20194jvalepcr

```
 1    that way just technically because he was arrested and held
 2    until his release.
 3              THE COURT:  So the government would be seeking
 4    supervised release as opposed to probation?
 5              MR. DeFILIPPIS:  Correct.  And we spoke with the
 6    Probation Department about which was the appropriate
 7    terminology to use, and they suggested supervised release.
 8              THE COURT:  All right.  Thank you.
 9              Let me just inquire.
10              Mr. Valentine, do you understand the provision that
11    Mr. DeFilippis has just mentioned?
12              THE DEFENDANT:  Yes, your Honor, I understand.
13              THE COURT:  And have you discussed that with
14    Mr. Maher?
15              THE DEFENDANT:  Yes, I have, your Honor.
16              THE COURT:  Do you have any questions about that
17    provision?
18              THE DEFENDANT:  No; I do not.
19              THE COURT:  Is it clear to you that it is entirely up
20    to the Judge to determine what the appropriate sentence will be
21    in this case?
22              THE DEFENDANT:  Yes, your Honor.
23              THE COURT:  All right.  You may be seated.
24              Go ahead, Mr. DeFilippis.
25              MR. DeFILIPPIS:  Yes.  Thank you, your Honor.
```

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

1              The elements of a violation of Section 924(a)(1)(A)

2    are:

3              First, that the defendant made a false statement;

4              Second, that that statement was made to a licensed

5    dealer of firearms under the federal laws;

6              Third, that the defendant knew the statement was

7    false; and,

8              Third, that the misstatement was made with respect to

9    information that is required to be kept by a licensed dealer of

10   firearms under Chapter 44 of Title 18 of the United States

11   Code.

12             Your Honor, in terms of the government's proof at any

13   trial in this matter, the government would be prepared to prove

14   each of those elements through a combination of different types

15   of evidence, including the testimony of witnesses to include

16   the licensed firearms dealer to whom the representations were

17   made in this case; documents, including the ATF Form 4473 that

18   was filled out by the defendant; as well as photographic

19   evidence and grand jury subpoena returns relating to the

20   defendant's transaction.

21             THE COURT:  When is this alleged to have taken place?

22             MR. DeFILIPPIS:  In June of 2018 in a firearms store

23   in Dutchess County, New York.

24             THE COURT:  What was the false statement?

25             MR. DeFILIPPIS:  Your Honor, the defendant asserted

1    on the ATF Form 4473 that he had never been committed to a

2    mental institution or deemed mentally incompetent prior to his

3    attempted purchase of the firearm.

4              THE COURT:  Thank you.

5              Mr. Valentine, stand up.

6              Did you hear what the Assistant United States

7    Attorney just said?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Did you understand the elements of the

10   offense to which you are offering a guilty plea?

11             THE DEFENDANT:  Yes, I do, your Honor.

12             THE COURT:  At this time, how do you wish to plead to

13   the charge of making a false statement in a firearm filing, as

14   charged in Count Two of the pending felony information?  How do

15   you wish to plead?

16             THE DEFENDANT:  Guilty, your Honor.

17             THE COURT:  Has anyone threatened you or coerced you

18   or pressured you improperly in order to get you to plead guilty

19   to this charge?

20             THE DEFENDANT:  No, your Honor.

21             THE COURT:  Has anyone made any promises to you,

22   other than what is set forth in the plea agreement, in order to

23   induce you to plead guilty?

24             THE DEFENDANT:  No; they have not, your Honor.

25             THE COURT:  Has anyone made any specific promise to

1   you about what the sentence of the Court will be?

2              THE DEFENDANT:  No, your Honor.

3              THE COURT:  Mr. Valentine, tell me what you did to

4   commit this crime.

5              THE DEFENDANT:  On June 2nd, 2018, I walked into a

6   gun shop intending to purchase a shotgun.  I was not impaired

7   by either alcohol, drugs, medication or otherwise.  I was given

8   a form to be filled out, and I understood that you were

9   required to put factually true and accurate information in the

10  form.  As an answer to the question regarding hospitalization

11  for psychiatric issues, I knowingly answered no, which answer I

12  knew to be untrue.

13             THE COURT:  Were you required to sign that form under

14  penalty of perjury?

15             Did you have to sign it at the bottom of the form?

16             THE DEFENDANT:  Yes, yes, your Honor.

17             THE COURT:  And, by signing it, were you attesting

18  that the information on the form was true?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  So when you signed that form, you knew

21  that, in fact, some of the information, at least one item of

22  information on the form, was not true?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  And did you say this took place in

25  Dutchess County?

20194jvalepcf

```
 1                    THE DEFENDANT:  Yes.

 2                    THE COURT:  Did you commit these acts knowingly and

 3   willfully?

 4                    THE DEFENDANT:  Yes, your Honor.

 5                    THE COURT:  Did you know it was against the law to do

 6   what you were doing?

 7                    THE DEFENDANT:  Yes, your Honor.

 8                    THE COURT:  Mr. Maher, do you concede that the

 9   government would be able to establish that the facility where

10   this occurred was run by a licensed firearm dealer?

11                    MR. MAHER:  I do, Judge.

12                    THE COURT:  Do you also concede that the information

13   in question was required to be kept for ATF purposes?

14                    MR. MAHER:  Yes, Judge.

15                    THE COURT:  Is there anything else which either

16   counsel believes the Court needs to elicit from the defendant

17   before making the recommendation contemplated by Rule 11?

18                    Mr. DeFilippis?

19                    MR. DeFILIPPIS:  Not from the government, your Honor.

20                    THE COURT:  Mr. Maher?

21                    MR. MAHER:  Not from the defense, your Honor.

22                    THE COURT:  Mr. Maher, do you know of any reason why

23   the Court should not recommend acceptance of your client's plea

24   of guilty in this matter?

25                    MR. MAHER:  None whatsoever.
```

1          THE COURT:  Mr. DeFilippis, do you know of any reason

2     why the Court should not recommend acceptance of the plea?

3          MR. DeFILIPPIS:  No, your Honor.

4          THE COURT:  Mr. Valentine, in light of everything

5     that has been said here today, including a statement of the

6     charges against you, the possible penalties you face, and the

7     rights you are giving up, is it still your wish to plead guilty

8     to the charge set forth in Count Two of the pending felony

9     information?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Upon this allocution, I find that the

12     defendant, Richard M. Valentine, Jr., is fully competent and

13     capable of entering an informed plea, the plea is knowing and

14     voluntary and is supported by an independent factual basis for

15     each and every element of the crime charged.  Accordingly, I

16     respectfully report and recommend to Judge Román that the plea

17     should be accepted and that the defendant should be adjudged

18     guilty of the offense charged in Count Two of the information.

19          I direct that a presentence investigation be

20     conducted by the United States Department of Probation.

21          Mr. Valentine, after this proceeding, you and

22     Mr. Maher need to go to the Department of Probation, which is

23     on the ground floor of this building.  Either today or on some

24     other day that will be scheduled, you will be interviewed by a

25     representative of the Department of Probation.  I'm sure that

```
 1    Mr. Maher will assist you in connection with that interview,

 2    and you are absolutely entitled to have him present during the

 3    interview if you wish.  You must be fully honest and truthful

 4    during that interview because if it comes to the Court's

 5    attention that you have provided false, incomplete or

 6    misleading information, that may be held against you at the

 7    time of sentencing.  Do you understand that?

 8              THE DEFENDANT:  Yes, I understand, your Honor.

 9              THE COURT:  Mr. Maher, just a reminder that the

10    interview with Probation is to be scheduled to occur within the

11    next 14 days.

12          Mr. DeFilippis, the prosecution case summary for

13    purposes of the presentence report is to be delivered to

14    Probation no later than 14 days from today.

15              MR. DeFILIPPIS:  Yes, your Honor.

16              THE COURT:  I further direct the Clerk of the Court

17    to provide a transcript of these proceedings within 30 days

18    setting forth my report and recommendation to Judge Román.  The

19    transcript is to come to me for review.

20              Bail is continued.

21          The matter is adjourned for sentencing July 26, 2019

22    at 11 a.m.  Counsel should contact Judge Román's chambers in

23    advance of that date to confirm the date and time of

24    sentencing.

25              Anything further, Mr. DeFilippis?
```

20194jvalepcf

```
 1                 MR. DeFILIPPIS:  No, your Honor.

 2                 THE COURT:  Mr. Maher?

 3                 MR. MAHER:  Judge, I have an application with respect

 4     to the terms and conditions of my client's release.  He has

 5     been on electronic monitoring since he was initially

 6     apprehended last July 5th, Judge, and he has, in essence, been

 7     confined to his home on electronic monitoring 24/7, if you

 8     will, but for certain specified situations where he's allowed

 9     to go to a doctor or my office or some other court appearance.

10     I have spoken to the government, Judge, and the government does

11     not oppose -- and I do not want to speak for Mr. DeFilippis in

12     that sense, but they don't oppose this application that I make.

13                 My client has literally, since that time, been

14     confined to his home, which is a tiny little home in a tiny

15     village of Cold Spring, and he really -- it seems to me that,

16     since there have been no problems with the electronic

17     monitoring that have been confirmed to me a number of times in

18     my discussions with Leo Barrios from Pretrial downstairs, that

19     I am making an application at this time to have the electronic

20     monitoring device removed from my client.  He's been completely

21     compliant in all regards, Judge.  He is here.  And for the

22     record, his parents are here.  They've been here each and every

23     time.  He lives with his parents.  His father is retired career

24     military.  And they, in essence, in a very wonderful way,

25     Judge, have been able to devote themselves in part -- in no
```

20194jvalepcf

```
 1    small part, because my client's father is retired, to assisting
 2    my client in getting from the point where he was in those dark
 3    days back in July of 2018 to where he is today.  He's in
 4    college.  He's been accepted to St. Mary's College in Newburgh
 5    on a scholarship.  And he's employed, Judge.  But I submit
 6    that, especially because the government does not appear to
 7    oppose it, and I believe that my client respectfully, even
 8    though he's entered a plea of guilty here, that he is really
 9    entitled at this point to more freedom than he's been able to
10    have.
11              THE COURT:  Have you discussed your application with
12    Mr. Barrios?
13              MR. MAHER:  Judge, I discussed it with Mr. Barrios,
14    in essence, each time I've spoken to him.  I've not discussed
15    with Mr. Barrios that I was going to make the application
16    today.
17              THE COURT:  Mr. DeFilippis.
18              MR. DeFILIPPIS:  Your Honor, we do defer to Pretrial
19    Service on these matters, but I did have a brief conversation
20    with Mr. Barrios a couple weeks ago, who sounded like he was
21    amenable to this change.  The government has noted that the
22    defendant has been compliant with the terms of his release and,
23    assuming Pretrial Services is okay with it, we have no
24    objection.
25              THE COURT:  Why don't we just defer the issue just
```

```
 1    very briefly.  Let me make a phone call to Pretrial Services.
 2    It will just take a few minutes.
 3                MR. MAHER:  Judge, I apologize.  It's my
 4    understanding that Mr. Barrios is not in today maybe by virtue
 5    of the fact that it's a Friday.  So I'm just alerting the
 6    Court.
 7                THE COURT:  All right.  Hold for a few minutes.
 8                MR. MAHER:  Thank you, Judge.
 9                THE COURT:  Thank you.
10                (Recess)
11                THE COURT:  I have spoken with the Pretrial Services
12    officer who conferred -- it is correct that Mr. Barrios is not
13    available today, but the Pretrial Services officer I spoke to
14    consulted with Cynthia Labrovic, who is the supervising
15    Pretrial Services officer, and what they would consent to is to
16    remove the electronic monitoring and require Pretrial Services
17    supervision as directed by the Pretrial Services officer.  That
18    gives the Pretrial Services officer the flexibility to, for
19    example, impose a curfew if it seems appropriate.  And, of
20    course, if there were conditions that you felt were not
21    appropriate, you could always come back to me to assess that.
22                But I think it's reasonable to modify the current
23    bail conditions so that the requirement for electronic
24    monitoring is removed, but Pretrial Services supervision, as
25    directed by the officer, would be imposed.
```

20194jvalepcf

```
 1              And you need to remember, Mr. Valentine, that you
 2     must follow the instructions of the Pretrial Services officer.
 3     If you fail to follow the instructions, that will be a
 4     violation of your bail conditions, that will be reported to me,
 5     and I will not hesitate to revoke your bail until the time of
 6     sentencing.  Do you understand that?
 7              THE DEFENDANT:  Yes, I understand, your Honor.  Thank
 8     you.
 9              THE COURT:  If you think the Pretrial Services
10     officer is asking you to do something that's unnecessary or
11     inappropriate, you should contact Mr. Maher.  Mr. Maher will
12     contact me, and I will decide whether you should follow the
13     instructions.  Is that clear to you?
14              THE DEFENDANT:  Yes, it's clear, your Honor.
15              THE COURT:  Anything further, Mr. DeFilippis?
16              MR. DeFILIPPIS:  Not from the government, your Honor.
17              THE COURT:  Mr. Maher?
18              MR. MAHER:  Judge, when would my client be able to
19     speak with --
20              THE COURT:  I think he could go to Pretrial Services
21     now.
22              MR. MAHER:  Thank you, Judge.
23              THE COURT:  All right.  Thank you very much.
24              MR. MAHER:  Thank you, your Honor.
25              MR. DeFILIPPIS:  Thank you, your Honor.
```